UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LOS ANGELES MATUS<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION<br><br>Defendant. | Case No.:   21cv1663-LAB (MDD)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff Maria de los Angeles Matus, proceeding *pro se*, filed her Complaint against Defendant U.S. Customs and Border Patrol ("CBP") pursuant to the Federal Tort Claims Act ("FCTA"), 28 U.S.C. 1346(b)(1), and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.C. 388 (1971). (Dkt. 1). Matus alleges that on January 21, 2020, her constitutional rights were violated by unidentified CBP agents who arrested her at the San Ysidro port of entry, accused her of illegal human trafficking, impounded her car, and detained her for hours, only to ultimately release her and order her to pay a $5,000 fine. (Dkt. 1 at 2). She further alleges she was denied food, water, and medical treatment for an undisclosed period during her detention. (*Id.*). She seeks money damages and restitution. (*Id.* at 6).

Matus did not pay the statutory and administrative civil filing fees required by 28 U.S.C. § 1914(a). Instead, Matus seeks leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkt. 2).

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except for an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). But a litigant who, because of indigency, is unable to pay the required fees or security may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a). The facts of an affidavit of poverty must be stated with some particularity, definiteness, and certainty. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1984)).

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Allen v. Kelly*, 1995 WL 396860 at *3–4 (N.D. Cal. 1995) (granting plaintiff IFP status but later requiring plaintiff to pay $120 filing fee out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP application where "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action").

Having read and considered the papers submitted, the Court finds that Matus meets the requirements for IFP status under 28 U.S.C. § 1915. Her IFP motion is in the form of a standard questionnaire, which indicates that she is recently separated and unemployed. (Dkt. 2 at 5). Matus has no assets other than her car, which she values at $6,000, and has no direct source of income, other than a gift of $400. (*Id.* at 1–3). In contrast, she claims that her monthly expenses total over $7,000. (*Id.* at 3–4). However, there are some discrepancies between her listed income and expenses owed. For instance, Matus claims that she resides with her daughter who is paying for all expenses "on her house," yet she estimates monthly rent/mortgage at $1800 and utilities at $1000. (*Id.* at 4). Nevertheless, it is fairly clear that Matus has only modest assets and no disposable income that she could use to pay the filing fee. The Court therefore concludes that she is unable to pay the filing fee and **GRANTS** Matus's IFP motion.

## II.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

*Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

First, Matus seeks to bring a claim pursuant to the FCTA, which waives sovereign immunity for certain torts committed by federal employees. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 475. However, Matus's Complaint fails to allege, among other things necessary to state a valid claim under the FTCA, that she exhausted her administrative remedies under the FTC prior to filing suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint."). Based on this fundamental jurisdictional defect, Matus's FTCA claims must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Second, to the extent Matus seeks to hold CBP liable for alleged civil rights violations pursuant to *Bivens*, 403 U.S. at 388, her claims also fail. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction

of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). Accordingly, *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly- Murphy*, 837 F.2d at 355. Accordingly, to the extent that Matus is seeking to sue CBP for alleged constitutional violations, she may not do so in this *Bivens* action.

Finally, Matus also appears to allude to negligence claims in her Complaint. (Dkt. 1 at 3). However, because the Court has dismissed all federal claims over which it has original jurisdiction, it has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). The Court exercises that discretion here and dismisses Matus's state law negligence claim for lack of jurisdiction.

### III.     CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. §1915(a) (Dkt. 2) is **GRANTED**. However, if Plaintiff ultimately succeeds in this case, whether at trial or through a settlement, Plaintiff shall be required to pay the costs of this litigation.

2. Plaintiff's Complaint (Dkt. 1) is **DISMISSED** without prejudice for failing to

state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading identified by this Order. Plaintiff's Amended Complaint must be complete in itself without reference to her original pleading. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

**IT IS SO ORDERED**.

Dated: November 30, 2021

*/s/ Larry A. Burns*

Honorable Larry Alan Burns
United States District Judge